UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTOPHER DEJEAN | CIVIL ACTION |
| VERSUS | NO. 16-14287 |
| CAILLOU ISLAND TOWING CO., INC. | SECTION "N" (1) |

## **ORDER & REASONS**

Before the Court is the "Motion for Partial Summary Judgment" (Rec. Doc. 22), filed by the defendant, Caillou Island Towing Company, Inc. ("CIT") and opposed by the plaintiff, Christopher Dejean. (*See* Rec. Doc. 25). Now, having considered the submissions of the parties, including CIT's reply memorandum (Rec. Doc. 38), the record, and applicable law, the Court denies the motion, finding that Dejean has presented evidence of causation that is sufficient to defeat CIT's summary judgment challenge, and the primary duty rule does not bar recovery.

Christopher Dejean is an experienced mariner who briefly captained the M/V L MARIE. On June 4, 2015, the second day of his second two-week hitch aboard the vessel, Dejean claims he fell on the deck and injured his knee. Believing a leaking air conditioner and insufficient non-skid coating in the area to have caused or contributed to the accident, Dejean brought Jones Act and unseaworthiness claims against his employer, CIT.[1] By the present motion, CIT now seeks summary judgment on those claims, arguing that (1) there is no competent evidence of negligence or unseaworthiness, and (2) Dejean, as captain of the vessel, is solely responsible for his injuries as a matter of law. (*See* Rec. Doc. 22-1 at p 9, 11).

---

[1] Dejean has asserted a third claim, not subject to this motion, for maintenance and cure. (Rec. Doc. 1 at p. 5).

The first issue before the Court is whether Dejean has offered sufficient, competent evidence to support the theory that CIT's negligence or the unseaworthiness of the M/V L MARIE caused or contributed to Dejean's injury. To be considered sufficient, Dejean's evidence must be enough to establish that a genuine issue of material fact indeed exists. *See Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."). To be considered competent, Dejean's evidence must be capable of being presented in a form admissible at trial. *See Lee v. Offshore Logistical and Transport, L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017). [2]

In this case, CIT makes much of the fact that days after the accident, when its marine adjuster, Thomas Halverson, interviewed Dejean in a medicated state, he did not recall the cause of his fall, water being on the deck, or the M/V L MARIE being anything other than "a good little boat." (Rec. Doc. 22-2, Exh. 3 at p. 22, 41-43). In addition, CIT cites favorably Dejean's deposition testimony, where he agreed that "[t]he captain is basically responsible for making sure the vessel's maintained in good condition." (Rec. Doc. 22-2, Exh. 1 at p. 40). Despite these "admissions" – which do not appear at close reading to be as dooming as CIT suggests – Dejean has offered evidence to support the theory of causation set forth in the Complaint – that is, a leaking A/C window unit and insufficient non-skid coating on the deck of the vessel caused or contributed to his injurious fall. Dejean's evidence includes CIT's *own* Incident Investigative Report, which clearly lists insufficient non-skid as an "immediate cause" of the fall (Rec. Doc. 25-4, Exh. D at p.

---

[2] The summary judgment standard is recited in detail in *Lee v. Offshore Logistical and Transport L.L.C.*, Civ. A. 15-2528, 2016 WL 4467840 at *2 (E.D.La. Aug. 24, 2016), *vacated on procedural grounds*, 859 F.3d 353 (5th Cir. 2017).

3), as well as Dejean's deposition testimony that his clothes were damp after the fall (Rec, Doc. 25-2, Exh. B at p. 59). Furthermore, based on the records of Dr. William H. Kinnary, Dejean appears to have told his treating physician the day after the accident that he slipped on a wet deck.[3] (Rec. Doc. 34-2, Exh. A at p. 28). Although this evidence may be circumstantial and may not carry the day at trial, when considered together and viewed in the light most favorable to Dejean, it is sufficient to clear the summary judgment hurdle and persuade this Court that causation is an issue proper for the jury.[4]

Next, CIT invokes the "primary duty rule" for the proposition that, as a matter of law, Dejean may not hold CIT liable for his injuries because, as alleged, the accident "was solely caused by [Dejean's] own failure to discharge his duties as captain and exercise due diligence in discovering the dripping air conditioner and remedying or reporting the condition to the owner of the vessel." (Rec. Doc. 22-1 at p. 13). In its modern form, the primary duty rule prohibits the officer of a ship from "recover[ing] against his employer for negligence or unseaworthiness when there is *no other cause* of the officer's injuries other than the officer's breach of his consciously assumed duty to maintain safe conditions aboard the vessel." *Nelon v. Cenac Towing Co., LLC*, Civ. A. 10-373, 2011 WL 289040 at *17 (E.D.La. Jan. 25, 2010) (quoting *Wilson v. Maritime Overseas Corp.*, 150 F.3d 1, 11 (1st Cir. 1998) (emphasis in original)). Stated differently, the primary duty rule

---

[3] This statement, though unnecessary for a medical diagnosis, appears to have been made the day after the accident, and considering CIT contends that Dejean has changed or fabricated his story (*see* Rec. Doc. 22-1 at p.1), it would be admissible as a prior consistent statement under Rule 801(d)(1) of the Federal Rules of Evidence.

[4] In his memorandum, Dejean recalls statements "by both Randall Dean, a deckhand/employee of [CIT], and Thomas Halverson, and investigator/agent of [CIT], that the wheelhouse air-conditioner was leaking condensation onto the deck because it did not have a pan underneath or a drain hose." (Rec. Doc. 25 at p. 2). However, Dejean does not support his recollection of these statements with citation to evidence in the record, as is required by Rule 56(c)(1)(A) of the Federal Rules of Civil Procedure. Therefore, these purported statements are not evidence considered by the Court for purposes of this Motion.

operates to bar recovery only "if the seaman has caused his own injury by breaching a primary duty to his employer *and* the employer is completely free from fault." *Patterson v. Omega Protein, Inc.*, Civ. A. 13-6293, 2014 WL 4354461 at *3 (E.D.La. Sept. 2, 2014) (citing *Nelon*, 2011 WL 289040 at *16-17) (emphasis in original)).

Here, whether it was Dejean's responsibility to identify and remedy or report the leaking A/C unit and insufficient nonskid coating, all within his first two weeks onboard the M/V L MARIE, is a question of fact in genuine dispute. Furthermore, CIT has not established that it is completely free from fault. As a result, the primary duty rule, to the extent it is even followed in the Fifth Circuit,[5] does not operate as an absolute bar to recovery on either the Jones Act or unseaworthiness claim.

Accordingly,

**IT IS ORDERED** that CIT's Motion for Partial Summary Judgment is **DENIED**.

New Orleans, Louisiana, this 17th day of July 2017.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　**KURT D. ENGELHARDT**
　　　　　　　　　　　　　　　　　**United States District Judge**

---

[5] *See Whitman v. Hercules Offshore Corp.*, Civ. A. No. 06-0229, 2006 WL 3718225 at *4 (W.D.La. Dec. 15, 2006) ("The Fifth Circuit does not recognize the primary duty doctrine as a bar to recovery in a Jones Act negligence suit.").